1  Vikram Valame
2  3700 O Street NW, Washington D.C. 20057
3  208-994-3067
4  vik.valame@gmail.com
5  *Pro Se* Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| Vikram Valame<br>Plaintiff,<br>vs.<br>**David A. Wright**, in his official capacity as Chair of the Nuclear Regulatory Commission,<br>Defendant | Case: 1:25-cv-01819   JURY DEMAND<br>Assigned To : Cobb, Jia M.<br>Assign. Date : 6/10/2025<br>Description: Employ. Discrim. (H-DECK)<br><br>Complaint |

I, Vikram Valame (hereinafter "Plaintiff"), bring this action against David A. Wright in his official capacity as Chair of the Nuclear Regulatory Commission ("NRC"). This is an action for sex discrimination in an application for employment.

## Parties

1. Plaintiff Vikram Valame is a natural person. Valame is a male resident and citizen of the United States. Valame is 20 years old.

2. Defendant David A. Wright is the current Chair of the NRC. The NRC is an agency of the United States Federal Government. As Chair, Wright is the "head of the department, agency, or unit" that discriminated against Plaintiff. 42 U.S.C. § 2000e-16(c).

*Valame v. Wright*, Complaint
1

RECEIVED
JUN 10 2025
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## Jurisdiction

3. This Court has jurisdiction over this employment discrimination case under 42 U.S.C. § 2000e-5(f)(3).

4. This Court has jurisdiction over this case as a federal question matter under 28 U.S.C. § 1331.

5. Plaintiff suffered a pocketbook injury due to the NRC's denial of employment based on his sex. That injury is redressable by monetary compensation and prospective injunctive relief.

## Venue

6. Venue is proper in the District of Columbia because Chairman Wright maintains his principal office and official mailing address in the District of Columbia.

7. Venue is proper under 28 U.S.C. § 1391(e)(1) because Chairman Wright resides, in his official capacity, in the District of Columbia.

## Factual Background

8. Plaintiff is a member of one of the classes of men purportedly required to register for the Selective Service under 50 U.S.C. §3802.

9. In early December 2023, Plaintiff applied for a "Temporary 89-Day Summer Student Internship" at the NRC.

10. During the application and interview process, Plaintiff truthfully informed the NRC's hiring team that he was not registered for the draft pursuant to 50 U.S.C. § 3802. Plaintiff truthfully claimed that he was exempt from registration because the coverage formula defining who is required to register for the Selective Service is unconstitutional.

11. On January 11th, 2024, the Nuclear Regulatory Commission tentatively accepted Plaintiff for a paid internship in the Acquisition Management Division of the Office of Administration.

12. Upon receipt of the offer, if Plaintiff had been female, Plaintiff would have successfully obtained the NRC internship.

13. Plaintiff completed documentation related to the internship offer shortly after receiving the tentative acceptance.

14. Plaintiff truthfully stated under penalty of perjury that he was not registered for the draft. Plaintiff honestly believed that the draft registration requirement was unconstitutional and therefore unenforceable.

15. On January 18th, 2024, the NRC notified Plaintiff that draft registration was mandatory for male applicants (but only male applicants) to receive a final offer.

16. Plaintiff declined to register for the draft. Plaintiff remains unregistered.

17. On February 12, 2024, the NRC formally withdrew Plaintiff's internship offer. The official reason stated was "The NRC's policy regarding Selective Service registration."

18. That policy requires that men, and men alone, register to hold employment.

19. The disparate registration prerequisites for NRC employment discriminate because of sex on their face.

20. 42 U.S.C. §2000e-16(a) provides that "All personnel actions affecting employees or applicants for employment […] shall be made free from any discrimination based on race, color, religion, sex, or national origin."

21. The Nuclear Regulatory Commission discriminated against Plaintiff, as an applicant for employment, based on his sex.

### Exhaustion

22. Plaintiff properly exhausted his administrative remedies before the Equal Employment Opportunity Commission on February 13th, 2025. The EEOC dismissed Plaintiff's administrative complaint on the grounds that it was precluded by a still-pending lawsuit for

equitable relief against the criminal and civil penalties associated with draft noncompliance. (Case No. 24-369 in the United States Court of Appeals for the Ninth Circuit).

23. Within 90 days, Plaintiff filed a motion for amendment in his still-pending challenge to the draft registration requirement alongside a proposed amended complaint.

24. The United States, in opposition, argued that venue was potentially improper in the Ninth Circuit and that Plaintiff should file a new civil action in the appropriate district court.

## 5 U.S.C. § 3328 is Unconstitutional as Applied

25. 5 U.S.C. § 3328 was enacted in 1985. It provides that an individual who is required to register under the Selective Service Act but who willfully refuses to do so is ineligible for appointment to a position within a federal agency.

26. 5 U.S.C. § 3328 cannot exempt the Nuclear Regulatory Commission from Title VII because 5 U.S.C. § 3328 is unconstitutional insofar as it incorporates the sex-discriminatory registration requirements of 50 U.S.C. § 3802.

27. Insofar as Title VII itself implicitly or explicitly exempts actions taken in relation to the Selective Service law from its scope, that exemption is itself unconstitutional as a denial of due process and equality of rights under law guaranteed by the Fifth and the 28th Amendments, respectively.

28. The 28th Amendment provides that "Equality of rights under the law shall not be denied or abridged by the United States or by any State on account of sex." U.S. Const. Amend. XXVIII §1.

29. The 28th Amendment was ratified pursuant to Article V of the Constitution on or about January 15th, 2020. Under §3 of the 28th Amendment, the substantive provisions of the Amendment took effect two years after the date of Ratification.

30. The 28th Amendment—the "Equal Rights Amendment"—was proposed by ⅔ of the House of Representatives on October 12, 1971, and ⅔ of the Senate on March 22, 1972. The

"Mode of Ratification" chosen by Congress was ratification by the legislatures of the states.

31. The 28th Amendment was subsequently ratified by the legislatures of ¾ of the states in the United States.

32. The President of the United States, acting in his official capacity, recognized the validity of the 28th Amendment as the "law of the land."

33. The legal determinations of the President of the United States are binding on all members of the Executive Branch, including the NRC, EEOC, and Department of Justice. The Department of Justice may not "advance an interpretation of the law as the position of the United States that contravenes the President" without written authorization from the President or Attorney General. See Executive Order 14215, §7.

34. The 28th Amendment thus supersedes the decision of the Supreme Court of the United States in *Rostker v. Goldberg*, 453 U.S. 57 (1981), which upheld the sex-discriminatory military draft against a Fifth Amendment challenge.

35. 5 U.S.C. §3328 and the Selective Service Act are also unconstitutional under the Fifth Amendment. The *Rostker* decision relied on the prohibition of women in combat roles as justification for a streamlined military draft. That prohibition no longer exists.

36. The National Commission on Military, National, and Public Service (created by Congress) has concluded that ending the male-only nature of draft registration would be in the best interest of the United States. Nat'l Comm'n on Military, Nat'l, & Pub. Serv., *Inspired to Serve: Final Report*, 122 (Mar. 25, 2020).

37. The United States Federal Government lacks a compelling interest in enforcing the male-only draft. Roughly doubling the pool from which the nation might obtain conscripts would improve military readiness, according to the National Commission. See Nat'l

Comm'n on Military, Nat'l, & Pub. Serv., *Inspired to Serve: Final Report*, 115 (Mar. 25, 2020).

38. Some women are more qualified than men subject to the draft even in combat-intensive roles.

39. Almost 80% of U.S. military positions are non-combat roles that could be adequately filled by women.

40. No congressional or executive factual analysis has been relied upon to counter the analysis presented in the National Commission's Final Report.

41. The United States Federal Government's enforcement of a male-only draft is not reasonably tailored to serve an important governmental interest.

## Prayer for Relief

For these reasons, Plaintiff respectfully requests that the Court award him

   A. Compensatory damages, not to exceed $8,000;

   B. Backpay, not to exceed $8,000;

   C. An injunction prohibiting the NRC and any persons acting in concert with it from continuing to maintain its unlawful employment practice;

   D. Costs sustained in bringing this action; and

   E. All other relief that is just and proper, keeping in mind that this complaint is filed Pro Se.

A jury trial is requested on all claims so triable.

Date: June 10, 2025          Sign Name: *[signature]*

I certify that this pleading complies with Rule 11.

Print Name: Vikram Valame

*Valame v. Wright*, Complaint

6

Vikram Valame

3700 O Street NW, Washington D.C. 20057

208-994-3067

*Pro Se* Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| Vikram Valame,<br><br>                    Plaintiff,<br><br>v.<br><br>David A. Wright, Chair of the Nuclear Regulatory Commission,<br><br>                    Defendant. | Case: 1:25-cv-01819   JURY DEMAND<br>Assigned To : Cobb, Jia M.<br>Assign. Date : 6/10/2025<br>Description: Employ. Discrim. (H-DECK)<br><br>**UNOPPOSED REQUEST AND [PROPOSED] ORDER STAYING CASE PENDING DISPOSITION OF RELATED PROCEEDINGS.** |

## PLAINTIFF'S UNOPPOSED MOTION TO STAY PROCEEDINGS

Pursuant to the inherent powers of the court and Local Rule 7, Plaintiff in the above-captioned case requests that this Court enter an order staying all proceedings in this matter pending a final disposition of Case No. 24-369 (*Valame v. Trump*) in the United States Court of Appeals for the Ninth Circuit (including a petition for certiorari, if sought). If the appellate courts in *Valame v. Trump* find that some of Plaintiff's claims have merit, Plaintiff and the Government will confer on a schedule for further proceedings in this case. If the appellate courts in *Valame v. Trump* decide that all of Plaintiff's claims fail on the merits, Plaintiff will promptly dismiss this case under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Plaintiff conferred with counsel for the United States via email. The United States consents to this motion. A proposed order is attached.

RECEIVED

JUN 10 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## POINTS AND AUTHORITIES

"A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *Hussain v. Lewis*, 848 F. Supp. 2d 1, 2 (D.D.C. 2012) (internal quotation marks omitted). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248 (1936). "Indeed, a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004) (internal quotation marks and alteration omitted).

A stay in this case would serve the interests of judicial economy and fairness for the Court and all parties. The employment discrimination in this case was conducted pursuant to 5 U.S.C. §3328, which incorporates 50 U.S.C. §3802 and thus explicitly requires sex discrimination in employment, contrary to Title VII. As noted in Plaintiff's complaint, the constitutionality of 5 U.S.C. § 3328 is highly relevant to the question of whether that statute can immunize the government against claims of sex discrimination.[1] Indeed, since the NRC's official policy is subject to judicial notice and discriminates on its face, whether 5 U.S.C. § 3328 provides a defense may

---

[1] The government explicitly reserves the right to raise any defenses in this proceeding, including (but not limited to) arguing that its alleged sex discrimination was lawful even if 5 U.S.C. § 3328 and 50 U.S.C. § 3802 are unconstitutional.

be the only relevant question in this case.

Plaintiff and the United States have already fully briefed the constitutionality of these two statutes before the Ninth Circuit. Further briefing here, potentially followed by subsidiary briefing on preclusion, is unnecessary. *See Seneca Nation,* 144 F. Supp. 3d at 120 (D.D.C. 2015) ("fully briefed" administrative proceeding counseled in favor of stay). While Plaintiff and the United States do not agree that the Ninth Circuit's decision is necessarily dispositive of the Title VII issue, it would be at least exceedingly helpful for this Court's ultimate decision on the merits. *See Fonville v. D.C.,* 766 F. Supp. 2d 171, 173 (D.D.C. 2011) (granting stay where pending appellate decision would be "extremely persuasive to, if not binding upon, this Court.").

Parallel proceedings in this Court and the Ninth Circuit could also give rise to "fractured and disorderly" judgments on similar claims between the same parties. *Seneca Nation,* 144 F. Supp. 3d at 120. Staying proceedings would avoid this possibility.

Finally, both Plaintiff and the United States consent to a stay of proceedings. Since both parties have consented to a stay, there is little risk of unfair prejudice against the parties.[2]

DATE: June 10th, 2025

Respectfully submitted,
*/s/Vikram Valame*
Vikram Valame

---

[2] This statement is not intended to waive or minimize any future request to expedite the disposition of *Valame v. Trump* in the Ninth Circuit.

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___June 10th 2025___. Under the Laws of the United States of America

*[signature]*

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| Vikram Valame,<br><br>            Plaintiff,<br><br>v.<br><br>David A. Wright, Chair of the Nuclear Regulatory Commission,<br><br>            Defendant. | CASE NO. _____ |

## [PROPOSED] ORDER

Upon consideration of Plaintiff Vikram Valame's Unopposed Motion for Stay Pending Disposition of Related Proceedings, it is hereby

ORDERED that Plaintiff's Motion is GRANTED; and

FURTHER ORDERED that this action is stayed until the Ninth Circuit issues a final decision in *Valame v. Trump*, No. 24-369 and the Supreme Court disposes of any petition for certiorari; and

FURTHER ORDERED that all current deadlines, including service and the filing of an answer, are extended commensurate with the duration of the stay.

SO ORDERED.

Date: _____            _____
                                                                United States District Court Judge