Vikram Valame

3700 O Street NW, Washington D.C. 20057

208-994-3067

*Pro Se* Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

Vikram Valame,

              Plaintiff,

v.

David A. Wright, Chair of the Nuclear Regulatory Commission,

              Defendant.

Case: 1:25-cv-01819   JURY DEMAND
Assigned To : Cobb, Jia M.
Assign. Date : 6/10/2025
Description: Employ. Discrim. (H-DECK)

**UNOPPOSED REQUEST AND [PROPOSED] ORDER STAYING CASE PENDING DISPOSITION OF RELATED PROCEEDINGS.**

## PLAINTIFF'S UNOPPOSED MOTION TO STAY PROCEEDINGS

Pursuant to the inherent powers of the court and Local Rule 7, Plaintiff in the above-captioned case requests that this Court enter an order staying all proceedings in this matter pending a final disposition of Case No. 24-369 (*Valame v. Trump*) in the United States Court of Appeals for the Ninth Circuit (including a petition for certiorari, if sought). If the appellate courts in *Valame v. Trump* find that some of Plaintiff's claims have merit, Plaintiff and the Government will confer on a schedule for further proceedings in this case. If the appellate courts in *Valame v. Trump* decide that all of Plaintiff's claims fail on the merits, Plaintiff will promptly dismiss this case under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Plaintiff conferred with counsel for the United States via email. The United States consents to this motion. A proposed order is attached.

RECEIVED

JUN 10 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## POINTS AND AUTHORITIES

"A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *Hussain v. Lewis*, 848 F. Supp. 2d 1, 2 (D.D.C. 2012) (internal quotation marks omitted). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248 (1936). "Indeed, a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004) (internal quotation marks and alteration omitted).

A stay in this case would serve the interests of judicial economy and fairness for the Court and all parties. The employment discrimination in this case was conducted pursuant to 5 U.S.C. §3328, which incorporates 50 U.S.C. §3802 and thus explicitly requires sex discrimination in employment, contrary to Title VII. As noted in Plaintiff's complaint, the constitutionality of 5 U.S.C. § 3328 is highly relevant to the question of whether that statute can immunize the government against claims of sex discrimination.[1] Indeed, since the NRC's official policy is subject to judicial notice and discriminates on its face, whether 5 U.S.C. § 3328 provides a defense may

---

[1] The government explicitly reserves the right to raise any defenses in this proceeding, including (but not limited to) arguing that its alleged sex discrimination was lawful even if 5 U.S.C. § 3328 and 50 U.S.C. § 3802 are unconstitutional.

be the only relevant question in this case.

Plaintiff and the United States have already fully briefed the constitutionality of these two statutes before the Ninth Circuit. Further briefing here, potentially followed by subsidiary briefing on preclusion, is unnecessary. *See Seneca Nation,* 144 F. Supp. 3d at 120 (D.D.C. 2015) ("fully briefed" administrative proceeding counseled in favor of stay). While Plaintiff and the United States do not agree that the Ninth Circuit's decision is necessarily dispositive of the Title VII issue, it would be at least exceedingly helpful for this Court's ultimate decision on the merits. *See Fonville v. D.C.,* 766 F. Supp. 2d 171, 173 (D.D.C. 2011) (granting stay where pending appellate decision would be "extremely persuasive to, if not binding upon, this Court.").

Parallel proceedings in this Court and the Ninth Circuit could also give rise to "fractured and disorderly" judgments on similar claims between the same parties. *Seneca Nation,* 144 F. Supp. 3d at 120. Staying proceedings would avoid this possibility.

Finally, both Plaintiff and the United States consent to a stay of proceedings. Since both parties have consented to a stay, there is little risk of unfair prejudice against the parties.[2]

DATE: June 10th, 2025

Respectfully submitted,
*/s/Vikram Valame*
Vikram Valame

---

[2] This statement is not intended to waive or minimize any future request to expedite the disposition of *Valame v. Trump* in the Ninth Circuit.

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 10th 2025. Under the Laws of the United States of America

*[signature]*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| Vikram Valame,<br><br>    Plaintiff,<br><br>v.<br><br>David A. Wright, Chair of the Nuclear Regulatory Commission,<br><br>    Defendant. | CASE NO. _____ |

### [PROPOSED] ORDER

Upon consideration of Plaintiff Vikram Valame's Unopposed Motion for Stay Pending Disposition of Related Proceedings, it is hereby

ORDERED that Plaintiff's Motion is GRANTED; and

FURTHER ORDERED that this action is stayed until the Ninth Circuit issues a final decision in *Valame v. Trump*, No. 24-369 and the Supreme Court disposes of any petition for certiorari; and

FURTHER ORDERED that all current deadlines, including service and the filing of an answer, are extended commensurate with the duration of the stay.

SO ORDERED.

Date: _____         _____
                         United States District Court Judge